# SUPREME COURT OF ARKANSAS

No. CR-17-312

| | |
|---|---|
| STACEY EUGENE JOHNSON<br>APPELLANT | **Opinion Delivered** April 19, 2017 |
| V. | <u>DISSENTING OPINION</u>. |
| STATE OF ARKANSAS<br>APPELLEE | |

**KAREN R. BAKER, Associate Justice**

I dissent from the majority's decision today to remand the matter to the circuit court for a hearing on Johnson's motion for postconviction DNA testing and to stay Johnson's execution. Simply put, Johnson has presented these same arguments regarding testing of DNA on numerous occasions in the two decades since his conviction for Carol Heath's murder. At trial, the testimony established that the DNA pattern found on the hair near Ms. Heath's body at the crime scene showed that the DNA in the hair was consistent with Johnson's. Testing further showed that the DNA pattern found on the hair would occur among 1 in every 720 million African-Americans. Also at trial, the saliva on the partially smoked cigarette found in the pocket of the shirt at the park was also consistent with Johnson's DNA, and the shirt contained blood consistent with Ms. Heath's DNA.

In this case, the majority erroneously interprets Arkansas Code Annotated section 16-112-201 to include any and all claims presented under this statute. Here, it is clear from the record that Johnson cannot prevail under this statute. Johnson must demonstrate that "the

scientific predicate for the claim could not have been previously discovered through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would find Johnson guilty of the underlying offense." Arkansas Code Annotated § 16-112-201(a)(2)(Repl. 2016). In sum, Johnson cannot prevail. Accordingly, I dissent.

WOOD and WOMACK, JJ., join.